Zhang  v. American Oriental

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges,*
> JANE A. RESTANI,[*]
> *Judge.*

---

Haining Zhang,

> *Plaintiff-Appellant,*

> v.                                                          12-2693

American Oriental Bioengineering, Inc. *et al.*,

> *Defendants-Appellees.*

---

FOR APPELLANT:           HAINING ZHANG, *pro se*, East Stroudsburg, PA.


FOR APPELLEES:           TAL DICKSTEIN (Paula K. Colbath, *on the brief*), Loeb & Loeb, New York, NY.

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Haining Zhang, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his amended complaint raising state law claims of breach of contract, fraud, and breach of fiduciary duty, and denying his motion for leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review *de novo* the denial of leave to amend on the basis of futility. *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). After conducting an independent review of the record and relevant case law, we affirm the district court's judgment for substantially the same reasons as those stated by the district court in its September 2011 decision. In sum, the district court properly dismissed Zhang's claims as barred by New York's six-year statute of limitations, for failure to allege fraud with particularity, and for failure to raise sufficient allegations against defendant Shu Jun Liu in his individual capacity. Additionally, the district court properly denied leave to amend as futile. We have

considered Zhang's arguments on appeal and find them to be without merit.  Accordingly, the

judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>